JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
 *JDunn@GGTrialLaw.com*
 *MHale@GGTrialLaw.com*
 *MBurnette@GGTrialLaw.com*

Attorneys for Plaintiff
Lakeisha Ward

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAKEISHA WARD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a Delaware corporation,<br><br>Defendant. | Case No.:<br>**COMPLAINT FOR DAMAGES**<br>**(1)  TORTIOUS DISCHARGE;**<br>**(2)  DISCRIMINATION (N.R.S. § 613.330);**<br>**(3)  DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);**<br>**(4)  HARASSMENT (N.R.S. § 613.330);**<br>**(5)  HARASSMENT (42 U.S.C. § 12112 *et seq.*);**<br>**(6)  RETALIATION (N.R.S. § 613.340);**<br>**(7)  RETALIATION (42 U.S.C. § 12203 *et seq.*);**<br>**(8)  FAILURE TO PROVIDE REASONABLE ACCOMMODATION (N.R.S. § 613.330);**<br>**(9)  FAILURE TO PROVIDE REASONABLE ACCOMMODATION (42 U.S.C. § 12112(b)(5)(A));**<br>**(10) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**<br>**DEMAND FOR JURY TRIAL** |

-1-

Plaintiff Lakeisha Ward ("Plaintiff" or "Ms. Ward") alleges as follows:

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 12112 *et seq*. and 42 U.S.C. § 12203 *et seq.*

3.      The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Clark County, Nevada.

## NATURE OF THE ACTION

5.      Ms. Ward began working for Tesla as Post Order Support representative in October 2024. She disclosed her sickle cell disease disability to Tesla upon hire. In April 2025, Ms. Ward suffered multiple seizures after being forced to work while ill.  After 3.5 months of disability leave, Tesla summarily denied Ms. Ward's medically necessary accommodation request. Her supervisor falsely stated Ms. Ward was faking her disability. Following her complaint regarding this harassment and discrimination, Tesla terminated Ms. Ward's employment on a false and pretextual basis. In reality, Ms. Ward's employment was wrongfully terminated in discrimination on the basis of her disability and in retaliation for her protected activity.

## PARTIES

6.      Plaintiff is and was at all relevant times herein, a resident of Clark County, Nevada.

7.      Defendant Tesla, Inc. ("Tesla") is a  Delaware corporation that conducts business in Clark County.

## FACTUAL ALLEGATIONS

8.      On or about October 2024, Ms. Ward began working as a Post Order Support representative for Tesla. Upon hire, Ms. Ward disclosed to Tesla that she had been diagnosed with sickle cell disease, a genetic blood disorder that can cause seizures and other serious medical

-2-

complications.

9.      In or around April 2025, Ms. Ward informed her supervisor Nicole that she was not feeling well due to her sickle cell disease. Despite Ms. Ward's report of her medical distress, Tesla ordered Ms. Ward to return to work. Shortly thereafter, Ms. Ward suffered two back-to-back seizures in the hallway, fell to the floor twice, and was transported by ambulance to the hospital. Tesla failed to file an incident report for this workplace injury.

10.     Following this incident in April 2025, supervisor Nicole told Ms. Ward that she was not sick and should "go outside and get some fresh air." Nicole also told coworkers that Ms. Ward was "faking" her sickle cell condition and seizures. When Ms. Ward inquired about filing a workers' compensation claim and taking medical leave, Tesla summarily denied both requests.

11.     Three days after Ms. Ward returned to work in April 2025, she suffered another seizure at the workplace and was again rushed to the hospital by ambulance, during which she hit her head and broke her tooth.

12.     From on or about May 2025 through September 2025, Ms. Ward was placed on short-term disability leave for approximately 3.5 months to address her sickle cell disease and seizure disorder.

13.     In or around September 2025, Ms. Ward was medically cleared to return to work. Her treating physician provided Tesla with a written request for a reasonable accommodation: that Ms. Ward work 8-hour shifts instead of 12-hour shifts due to her disability. Upon Ms. Ward's return to work on or about September 29, 2025, supervisor Mahogany denied this accommodation request.

14.     In or around September 2025, Ms. Ward complained to management about supervisor Nicole's statements that Ms. Ward was "faking" her sickle cell condition and seizures.

15.     On or about October 27, 2025, Tesla terminated Ms. Ward's employment on a pretextual and false basis. In reality, Tesla terminated Ms. Ward because of her disability, because she had taken disability leave, because she had requested reasonable accommodation for her disability, because she had inquired about workers' compensation, and because she had complained about disability-based harassment.

16.     *Summary of Plaintiff's Protected Statuses and Activity*: Ms. Ward is disabled due to

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

her sickle cell disease, which causes seizures and other serious medical complications. Ms. Ward engaged in protected activity by requesting reasonable accommodation for her disability, taking medical leave to address her disability, inquiring about filing a workers' compensation claim for her workplace injury, and complaining to management about disability-based harassment and discrimination.

17.    On January 13, 2026, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On January 16, 2026, the EEOC closed Plaintiff's case without making findings and issued her an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

18.    *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

19.    *Reckless Indifference and Conscious Disregard*: Defendant Tesla, Inc. knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Defendant Tesla, Inc. willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

20.    *Malice*: The conduct of Defendant Tesla, Inc. was committed with malice, including that (a) Defendant Tesla, Inc. acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendant Tesla, Inc. was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

21.    *Oppression:* In addition, and/or alternatively, The conduct of Defendant was committed with oppression, including that the actions of Defendant Tesla, Inc. against Plaintiff were cruel and subjected her to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

22.    *Fraud:* In addition, and/or alternatively, the conduct of Defendant Tesla, Inc., as alleged, was fraudulent, including that Defendant Tesla, Inc. asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive her of legal rights or otherwise injure Plaintiff.

23.    Further, Defendant Tesla, Inc. is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendant Tesla, Inc. had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

## FIRST CLAIM FOR RELIEF

### Tortious Discharge

### (Plaintiff Lakeisha Ward against Defendant Tesla, Inc.)

24.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

25.    Plaintiff was employed by Defendant Tesla, Inc..

26.    Plaintiff suffered a workplace injury and informed Defendant Tesla, Inc. of the same, triggering an obligation to file a workers' compensation claim on Plaintiff's behalf.

27.    Defendant Tesla, Inc. had actual or constructive knowledge of Plaintiff's actions.

28.    The decision of Defendant Tesla, Inc. to discharge plaintiff was proximately caused by Plaintiff's actions and was in derogation of the public policy of the State of Nevada.

29.    Due to this action, it has been necessary for Plaintiff to expend court costs to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

30.    The acts of Defendant Tesla, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Tesla, Inc., and to make an example of and deter Defendant Tesla, Inc. from engaging in such conduct in the future.

///

## SECOND CLAIM FOR RELIEF

### Workplace Discrimination in Violation of N.R.S. § 613.330

### (Plaintiff Lakeisha Ward against Defendant Tesla, Inc.)

31.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

32.    Plaintiff was employed by Defendant Tesla, Inc., as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

33.    The acts and omissions of Defendant Tesla, Inc., as more fully set forth herein, constituted discrimination within the meaning of N.R.S. § 613.330.

34.    Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

35.    Plaintiff charges that Defendant Tesla, Inc. discriminated against the Plaintiff based on her protected status or statuses.

36.    As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

37.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

38.    The acts of Defendant Tesla, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of

-6-

punitive and exemplary damages in an amount sufficient to punish Defendant Tesla, Inc., and to make an example of and deter Defendant Tesla, Inc. from engaging in such conduct in the future.

## **THIRD CLAIM FOR RELIEF**

**Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.**

**(Plaintiff Lakeisha Ward against Defendant Tesla, Inc.)**

39.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

40.    Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

41.    Defendant Tesla, Inc., employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

42.    Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

43.    Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

44.    Defendant Tesla, Inc. took adverse employment actions against Plaintiff because of her disability or disabilities, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

45.    The discriminatory acts of Defendant Tesla, Inc. constitute a violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against an employee on the basis of disability.

46.    The discriminatory acts of Defendant Tesla, Inc. have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

47.    The acts of Defendant Tesla, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Tesla, Inc., and to make an example of and deter Defendant Tesla, Inc. from engaging in such conduct in the future.

48.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**FOURTH CLAIM FOR RELIEF**

**Workplace Harassment in Violation of N.R.S. § 613.330 *et seq.***

**(Plaintiff Lakeisha Ward against Defendant Tesla, Inc.)**

49.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

50.    Plaintiff was employed by Defendant Tesla, Inc..

51.    The acts and omissions of Defendant Tesla, Inc., as more fully set forth herein, constituted harassment on the bases of Plaintiff's protected status or statuses.

52.    Plaintiff is within the class of persons that N.R.S. 613.330 intends to protect and harass on the basis of her protected status or statuses is the type of injury prohibited by N.R.S. 613.330.

53.    Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on her protected status or statuses.

54.    The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

55.    Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

56.    At the time of the relevant conduct, those who personally perpetrated the harassment

-8-

were acting as Plaintiff's supervisors.

57.     Defendant Tesla, Inc. had a duty to prevent and promptly correct the harassing behavior. Defendant Tesla, Inc. breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. Defendant Tesla, Inc. similarly breached its duty by failing to remedy the harassment.

58.     As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful harassment, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

59.     The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Tesla, Inc., and to make an example of and deter Defendant Tesla, Inc. from engaging in such conduct in the future.

60.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

**FIFTH CLAIM FOR RELIEF**

**Workplace Harassment in Violation of 42 U.S.C. § 12112 *et seq.***

**(Plaintiff Lakeisha Ward against Defendant Tesla, Inc.)**

61.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

62.     Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

63.     Plaintiff is a member of the class of persons protected by federal statutes prohibiting harassment based on disability.

64.     Defendant Tesla, Inc., employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from harassing qualified individuals with disabilities as set forth in 42 U.S.C. §

-9-

12112(a).

65.    Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on her disability.

66.    The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

67.    Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

68.    At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

69.    Defendant Tesla, Inc. had a duty to prevent and promptly correct the harassing behavior. Defendant Tesla, Inc. breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. Defendant Tesla, Inc. similarly breached its duty by failing to remedy the harassment.

70.    As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful harassment, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

71.    The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Tesla, Inc., and to make an example of and deter Defendant Tesla, Inc. from engaging in such conduct in the future.

72.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs

in an amount according to proof.

## SIXTH CLAIM FOR RELIEF

### Workplace Retaliation in Violation of N.R.S. § 613.340

### (Plaintiff Lakeisha Ward against Defendant Tesla, Inc.)

73.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

74.    Plaintiff was employed by Defendant Tesla, Inc..

75.    Plaintiff engaged in protected activity.

76.    Defendant Tesla, Inc. was aware of Plaintiff's protected activity.

77.    After engaging in protected activity, Plaintiff suffered an adverse employment action.

78.    There is a causal connection between Plaintiff's protected activity and the adverse employment action.

79.    The conduct of Defendant Tesla, Inc. alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

80.    The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Tesla, Inc., and to make an example of and deter Defendant Tesla, Inc. from engaging in such conduct in the future.

81.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

/ / /

/ / /

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**SEVENTH CLAIM FOR RELIEF**

**Retaliation in Violation of 42 U.S.C. § 12203 *et seq.***

**(Plaintiff Lakeisha Ward against Defendant Tesla, Inc.)**

82.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

83.    Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect and retaliation for engaging in protected activity is the type of injury prohibited by 42 U.S.C. § 12203.

84.    Plaintiff was an "employee" of Defendant Tesla, Inc., as defined by 42 U.S.C. § 12111(4).

85.    Employers, such as Defendant Tesla, Inc., are barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 *et seq*. as well as against any person for requesting an accommodation as provided under the same the statute.

86.    Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 12101 *et seq*. and/or requested an accommodation as provided under the same statute.

87.    As a result of Plaintiff's complaints regarding, opposition to, and/or requests for accommodation related to these unlawful practices, Defendant Tesla, Inc. engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

88.    The conduct of Defendant Tesla, Inc. constitutes retaliation in violation of the Americans with Disabilities Act of 1990, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about, opposes discrimination or harassment, or requests an accommodation.

89.    The conduct of Defendant Tesla, Inc. alleged herein has caused damage and harm to Plaintiff, including past and future lost earnings, salary, and other employment benefits,  in an amount according to proof at trial.

90.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## EIGHTH CLAIM FOR RELIEF

**Failure to Provide Reasonable Accommodation in Violation of N.R.S. § 613.330**

**(Plaintiff Lakeisha Ward against Defendant Tesla, Inc.)**

91. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

92. Plaintiff was employed by Defendant Tesla, Inc., as defined by N.R.S. § 613.310.

93. Employers are prohibited from discriminating against any employee with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of disability as set forth in N.R.S. § 613 *et seq.* Failing to provide reasonable accommodation to qualified individuals with disabilities is one such type of actionable discrimination.

94. Plaintiff has a disability as defined by N.R.S. § 613.310. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect.

95. Plaintiff requested reasonable accommodation for her disability.

96. Defendant Tesla, Inc. failed to provide reasonable accommodation for Plaintiff's disability.

97. The failure of Defendant Tesla, Inc. to provide reasonable accommodation constitutes a violation of N.R.S. § 613.330.

98. The acts of Defendant Tesla, Inc. alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

99. The acts of Defendant Tesla, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Tesla, Inc., and to make an example of and deter Defendant Tesla, Inc. from engaging in such conduct in the future.

100. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

-13-

Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### NINTH CLAIM FOR RELIEF

**Failure to Provide Reasonable Accommodation in Violation of 42 U.S.C. § 12112(b)(5)**

**(Plaintiff Lakeisha Ward against Defendant Tesla, Inc.)**

101.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

102.    Plaintiff is a member of the classes of persons protected by federal statutes requiring reasonable accommodation for disabilities.

103.    Plaintiff was an employee, as defined by 42 U.S.C. § 12111(4).

104.    Defendant Tesla, Inc. employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was required to provide reasonable accommodation to qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(b)(5).

105.    Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

106.    Plaintiff requested reasonable accommodation for her disability.

107.    Defendant Tesla, Inc. failed to provide reasonable accommodation for Plaintiff's disability.

108.    The failure of Defendant Tesla, Inc. to provide reasonable accommodation constitutes a violation of the ADA, which makes it unlawful for an employer to fail to provide reasonable accommodation to an employee with a disability.

109.    The acts of Defendant Tesla, Inc. alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

110.    The acts of Defendant Tesla, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of

punitive and exemplary damages in an amount sufficient to punish Defendant Tesla, Inc., and to make an example of and deter Defendant Tesla, Inc. from engaging in such conduct in the future.

111. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

112. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

**TENTH CLAIM FOR RELIEF**

**Intentional Infliction of Emotional Distress**

**(Plaintiff Lakeisha Ward against Defendant Tesla, Inc.)**

113. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

114. By its actions described hereinabove, Defendant Tesla, Inc. intentionally and/or recklessly subjected Plaintiff to severe mental and emotional distress.

115. The conduct of Defendant Tesla, Inc. caused Plaintiff to endure and sustain actual damages, including financial hardship and grievous mental and emotional suffering in the form of worry, fear, anguish, shock, nervousness, stress, and anxiety in an amount subject to proof at trial.

116. The actions of Defendant Tesla, Inc. were intentional and done with the willful disregard for the well-established and well-known legal rights of the Plaintiff. As a direct and proximate result of these actions, Plaintiff has been damaged, and will continue to be damaged in an amount to be proven at trial. The actions of Defendant Tesla, Inc. were done willfully, oppressively, maliciously and in callous indifference to the Plaintiff's rights and therefore, the Plaintiff should be awarded punitive damages.

117. Due to this action, it has been necessary for Plaintiff to expend court costs. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

/ / /

/ / /

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2.     Emotional distress damages;

3.     Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

4.     For an award of reasonable attorneys' fees and costs incurred in this action;

5.     For pre-judgment and post-judgment interest, as provided by law; and

6.     For other and further relief as the Court may deem just and proper.

DATED: March 17, 2026                    GREENBERG GROSS LLP


                                        By:    */s/ Jemma E. Dunn*
                                               Jemma E. Dunn
                                               Matthew T. Hale
                                               Michael A. Burnette

                                               Attorneys for Plaintiff
                                               Lakeisha Ward

-16-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff Lakeisha Ward hereby demands a jury trial.

DATED: March 17, 2026                    GREENBERG GROSS LLP


                                   By:   */s/ Jemma E. Dunn*
                                         Jemma E. Dunn
                                         Matthew T. Hale
                                         Michael A. Burnette

                                         Attorneys for Plaintiff
                                         Lakeisha Ward

-17-